We'll hear argument first this morning in Case 16-15-19, Lagos v. United States. Mr. Geiser. Thank you, Mr. Chief Justice, and may it please the Court. The Mandatory Victims Restitution Act covers the cost of lost income and necessary child care, transportation, and other expenses while participating in the investigation or prosecution of the offense or attending proceedings related to that offense. That language does not cover the cost of hiring four law firms, a consulting firm, and forensic experts for a private investigation and bankruptcy litigation. The government's theory does not fit Section 3663a's plain text, and it cannot explain the clear and obvious differences between this statute and other restitution provisions, which, unlike here – where, unlike here, Congress did provide make-whole relief. The government tries to make up for these deficiencies by citing statements in the legislative history, broad declarations of Congress's purpose, and the ordinary definition of restitution. None of these appear anywhere in the statute. The government looks everywhere but the statutory text because the language and logic of the provision is directly at odds with the government's reading. For multiple – Ginsburg. If we accept your view, wouldn't there be a perverse incentive? We would be telling creditors, don't – don't investigate immediately. No, Your Honor. First, companies have incentives independent of the possibility of getting a restitution award to investigate potential misconduct. And this is not saying, even if it's not covered as restitution, that it's the only mechanism to get recompensed. They can file civil actions. The key here is what Congress had in mind when it detailed four specific provisions in subsection B of the Mandatory Victims Restitution Act. And the term there that's very important is mandatory. Congress realized it was requiring restitution in these cases, and there are tens of thousands of sentencing proceedings each year under this provision. Kennedy. Is there a difference under the bankruptcy law? I assume that if the government's correct in this case, it's not dischargeable in bankruptcy. I just assume that. I think Section 523 of Title XI may make a civil order non-dischargeable. The restitution amount itself is non-dischargeable. That's true. Do you know if the cost incurred in this case would be also non-dischargeable in a civil action filed by the employer? I think under Section 523 of the Bankruptcy Code, it may not be dischargeable. I think it is a close question. It depends on the nature of the offense and the underlying basis of the civil judgment. What if the government approached GE and said, look, this is a very complicated financial fraud, we're busy with some other stuff, we'd like you to go ahead and investigate it to the extent you can, and they'd use the results of their investigation in their prosecution? That's still not covered, Mr. Chief Justice, because if you look at the specific enumeration of expenses, Congress here invoked the classic Euston-Generis formulation. It has specific expenses, child care and transportation, followed by a general residual clause that looks absolutely nothing like attorney's fees. Where Congress wanted to include attorney's fees in investigation expenses, it did that, as we see in Sections 2248 and Sections 2259. Roberts. It's a pretty open phrase, other expenses incurred during participation in the investigation. I don't know why, if the government's essentially delegating its responsibility,  Well, two reasons, Your Honor. Again, under Euston-Generis, you don't simply say, look at the capacious residual phrase. It's necessarily limited to like expenses. Attorney's fees and private investigation expenses don't look like child care and transportation. When Congress wanted attorney's fees. How would you define the common denominator of those expenses? I think the common denominator is clear from both the context and the terms used. It shows this is exactly what happens when a victim is dislodged from their daily life and they have to go and meet with the government or testify at a hearing. If they miss work, they have lost income. They have to get from wherever they are to the hearing or to meet with the FBI agents. That's transportation. If they leave home, they might have child care expenses. These are the indirect, incidental, out-of-pocket expenses that someone incurs when they're meeting with the government. What about hiring a lawyer to be a witness in a governmental investigation? Would that be covered in your view? We don't think it is under our broader argument, Justice Gorsuch, because, again, hiring a lawyer is not like child care or transportation. And Congress, again, when it wanted to include attorney's fees, it said so expressly as it did in Section 2259. Well, maybe this is the same question as Justice Gorsuch had. But suppose the FBI, the Federal Investigating Agency, say we're coming in and we want statements from all of your officers and we're going to be questioning all of your officers, and the company then hires an attorney to assist. Would those be covered? Again, Your Honor, under our broader argument. Kennedy, it sounds to me like this is another expense incurred during participation in the investigation. Again, under our broader theory, no, because it's not the kind of expense that Congress had in mind. But we do have the alternative theory that at least in that case you have someone who is incurring an expense during the participation of the government's investigation. That's very different than a private investigation operated entirely apart from the government's investigation, indeed one that occurs before the government has even started its investigation. No one thinks of an expense that is occurring before as an expense that's happening during an investigation that hasn't yet started. Breyer, that's the – I think it's difficult. Think of a simple example. A small company thinks the bookkeeper is taking money off the top, hires Sam Spade, a private eye, and says I'd like you to look into this. He does look into it. He says it's the bookkeeper, all right. And then they go to the police. And the police says thank you, that's very helpful, Sam. And they investigate further, arrest him. That's the facts, all right? Sure. Okay? Now, previously there was a statute called the discretionary restitution statute. And it allowed discretionary expenses related to participation in the investigation. Well, I would have said that quite likely Sam's pre-investigation expense was related to the later. Now, they've changed the wording of the statute to what you read. Did Congress intend to change that? I believe Congress did, because they didn't just stumble across the language in subsection No, no, no, but I'm asking you, why would someone taking a statute that previously allowed restitution to Sam for Sam's expense want to stop that in a statutory change, by the way, that was meant to expand the scope of restitution? A few points, Your Honor. First, it's expanding it by making it mandatory. It's not expanding it by making it make whole relief. Congress knew how to do that. They have other examples where they did do that. In this case, too, I think once you have expenses incurred during the investigation, you get the government's input. They can cooperate with the company. They can give them direction. They can prevent a duplicate of redundant expenses. Is there anything, since I'm interested in history, is there anything in the legislative history that suggests that this change of language was intended to diminish the scope of the restitution? I don't think there's anything either way on that particular point. But what there is, and I do think this is important, Congress specifically raised concerns about things like attorney's fees that would end up leading to protracted, complicated, fact-intensive disputes that would slow the efficiency of sentencing proceedings. This statute, because it's mandatory, applies in tens of thousands of proceedings every year. And if you look at subsection C-3b of the Act, Congress specifically said that restitution is not authorized where it would delay the sentencing proceeding. And that makes perfectly good sense, that Congress then would limit the expenses to the kind of incidental, out-of-pocket expenses that are very easy to calculate. Fee disputes are notoriously difficult to calculate. When you have people operating, especially independently of the government, they're conducting their own research, they're conducting their own investigation, hiring whoever they wish to hire, and that's perfectly fine, and there might be other mechanisms that Congress would have deferred to in the civil venue to resolve those sorts of disputes. But that's very different than saying in a mandatory statute that these – that sentencing judges, and again, tens of thousands of proceedings every year have to go through and entertain, you know, disputes about how much was actually necessary, was it proper to hire four law firms, were the expenses devoted just to proving innocence and guilt, or were they also devoted for business reasons or economic reasons? Most internal investigations, as Judge Kavanaugh pointed out in his opinion in Papanio, they extend far beyond just identifying the guilty party. Alitosovich. Suppose the statute did not refer to lost income and necessary child care transportation expenses and simply authorized restitution for, quote, other expenses incurred during participation in the investigation period. Would you still have this – would you still win? We – in this case, we would, Your Honor, because GE Capital's expenses predated the government investigation, so any expenses were not incurred during participation in the government's investigation. Well, you're reading a word into that text in the government's investigation. I think that that word is apparent by the context, Your Honor. The phrase is the investigation or prosecution of the offense. There are lots of textual cues there that what Congress had in mind was the government's investigation. They didn't have to say government just as they didn't have to say the government's prosecution. You seem to suggest that there's a very sharp line where you can tell the precise point at which the government is beginning investigation and the prior times when they hadn't. I mean, it's more of a fluid situation, right? The government gets a report. They put it in the file. They'll start investigating as soon as they finish up these three more serious offenses. I mean, isn't it going to be a difficult determination of when precisely the government investigation began? I mean, does it begin when they get a complaint? Well, again, Your Honor, under our broader theory, I think that actually would avoid those problems, because it wouldn't include things like private investigation and private investigatory work. It would simply include witnesses who are going to meet with the FBI, and they incur out-of-pocket incidental expenses. Right, but I'm talking about your other theory, which is it has to be during the government investigation. Well, it still has to be during the – at a minimum, you think an investigation has to be open. In this case, it's quite clear this happened before the government even knew about this offense. Well, why does it have to be the federal government? What if the offense is initially investigated by State authorities, and then at a later point it's determined that it will be prosecuted by the Federal government? Would you say that the expenses incurred during the participation in the State investigation are not covered? We would say that, Your Honor. And again, this is a provision of Title 18. It's a Federal provision. It's talking about Federal offenses of conviction. The investigation is of the offense. The offense, if you look back to subsection A of 3663a, is talking about a conviction under Federal law, and it is in the singular, the investigation or prosecution of the offense. It – the entire contextual clue here goes back to the Federal government. Now, granted the investigation, but you're – I mean, you're reading a lot out of this statute, and you're reading a lot into it. The investigation. What – suppose it's initially investigated by one U.S. Attorney's office, and then it's taken over by another U.S. Attorney's office. Does it apply only to the latter office that actually prosecutes the case? In that case, I don't think so, Your Honor. There's a unitary executive theory, and I think that it's the same Federal government doing the same Federal investigation. How they divide it up is up to them. What's quite clear, though, is they're talking about a governmental investigation here, because, again, this is an investigation of the offense. Private parties don't conduct criminal investigations. If a corporate state government doesn't do it, then it's not a criminal investigation. Ginsburg. Did I understand your response correctly, that if this were a case where the government did request an internal investigation, if it came – it was done at the government's request, then the attorney's fees would be included? No, Your Honor, because, again, under Euston Generous, we don't think that Congress meant for attorney's fees to be included in this provision. If you reject that proposition, then in this case at least it would be closer to an expense incurred during participation in the government's investigation. But there still is a problem even there. Participation does not simply mean to help or support. It's not aid and abet. This is what the Court said in the Reeves case, considering a provision of RICO. Participating means taking part in someone's work. And you don't participate in your own investigation. That's not how people talk. You investigate – you participate in someone else's investigation. So Congress clearly – and if you take a step back and read the section holistically, as the government suggests, and you should, this statute lines up perfectly if what you have in mind is what it naturally suggests. If Congress was thinking of victims who had to go and meet with the FBI agents and go and testify at the criminal hearing, everything here makes perfect sense. The expenses they'll incur will be the incidental out-of-pocket expenses of traveling to meet with the government and having the opportunity costs of doing whatever else they'd ordinarily be doing. The expenses, of course, are during participation in the investigation because they're meeting with an active, ongoing investigation. Alitoso, the Federal – the Federal investigators request the company to bring officers or employees who are located in other parts of the country to a particular office to be questioned, or suppose they ask them to go through the company's records to find certain documents, and the company does that and incurs expenses. Is that covered? The former would be covered if they had other employees of the company come in that's under transportation. They'd be coming in to meet with the government. If they have professional fees going into identifying documents, again, I don't think that's what Congress had in mind. And we know that Congress knew the difference between the narrow provision it authorized in 3663a and broader provisions, because in those broader offense-specific provisions, Congress specifically referenced the MBRA. It said that those broader terms apply notwithstanding 3663a. And I don't quite understand that answer, that if someone, at the request of the FBI, goes through company records and incurs perhaps quite an expense in doing that, that is not participation in the government's investigation. Well, again, Your Honor, there would be participation during the government's investigation. I'm referring to our broader theory that professional fees simply aren't covered. But again, if you reject that proposition, then maybe that type of work would be covered, but only in the case of the government telling or asking someone to do it. In this case, you have a private investigation where no one was told or asked to do it by the government. The government wasn't even aware of the potential crime. And so in our case, this clearly fits outside the natural language of 3663a. And since we've been talking about the investigation, I do want to make clear that there are actually two pockets of expenses here. And one was the pocket for the bankruptcy litigation. The bankruptcy litigation is simply exactly like every other ordinary civil litigation designed to recoup damages for a crime. And I don't see any way that that falls within the phrase, attendance at proceedings related to the offense. I think they're too weak. Sotomayor, meaning it is a proceeding, bankruptcy. It's related to the offense. The bankruptcy was caused by the offense, essentially. And they attended through a representative. So why aren't those recoverable? Well, I have two responses to that, Your Honor. The first is that the fees here were not just for attending hearings, attending the proceedings. These were for participating in the proceedings. Surely when Congress said attendance, they're thinking of physical attendance. And again, we know that because if you read the sentence in its entirety, they're talking about things like lost income because you're not physically at your job, you're somewhere else, or they're talking about child care because you're not watching your child, you're at the hearing, or at transportation. So I think it's too much to read attendance out of the statute. That reading would make more sense if it said any losses incurred during proceedings related to the offense, but attendance is right there. And I don't see any plausible reading that says attendance includes the entirety of litigating a case. Ginsburg. What about the government's alternative hearing, that is, that these professional fees fit under the 3663AB1 category, property lost as a result of the offense? A few responses there, Your Honor. First, we don't think it's really properly before the Court. This was not pressed or passed upon below. The government did not try to preserve the authority to uphold the restitution award on an entirely different statutory provision. This isn't just saying that there's an alternative rationale that supports an award under B-4. This is saying that we will enforce part of a criminal sentence on a statutory ground that wasn't even raised below. But if the Court does choose to reach it, I don't think the government's theory works. It suggests that it's really reading B-1 not to say an offense resulting in damage to or loss or destruction of property, but an offense resulting in any damage or loss. It's true that property can be money, but I think it stretches it too far to say that money is property, so any offense that causes me in some future, you know, proceeding or event to spend money is then spending property, and therefore, I've lost property as a result of the offense. If you look at the actual language and progression of B-1, it's quite clearly thinking of property first. It's really the target of the offense, because the very first step is if you've taken the property, you have to return the property. Money spent on things like bankruptcy litigation, it doesn't remotely fit within the confines of B-1. And under the government's view, this also would read out of the statute subsections B-2 through B-4, because any time that someone, say, is injured by a physical crime, they have to go get health care, then they're spending money, which is property on the health care, and that would be a result of the offense, so B-2 is gone. If there's an offense resulting in death, then the money spent on the funeral would be property lost as a result of the offense, so B-3 is unnecessary. And the same would fall for B-4. So I don't think B-1 is grounds for upholding the award generally, or in this case specifically, where this is separate collateral civil litigation trying to seek damages for the offense. And that's the – I'm not even sure that's approximately caused by the crime.  Sotomayor, are the offenses for bankruptcy here related to the work of the attorneys or the attendance of corporate officers at the hearing? Oh, Your Honor, if you look at pages 28 and 29 of the Joint Appendix, you'll see that these are the professional fees, including pretty hefty charges in the millions for providing consulting advice on whether they think dry van, the company that was the subject of the fraud, whether they could survive as a going concern. This is trying to decide how to litigate and recover the case in bankruptcy. It's not even clear that there were hearings that people attended, and surely it wouldn't run, you know, in the millions of dollars to show up for a single hearing. What about that small subset of fees, if there were any like that, the fees that we charge because we sat in a courtroom during a proceeding? That would at least satisfy the term attendance, but I was – my second reason that I didn't get to is that it's still attendance, we think, at criminal proceedings. And I think that's clear, again, from the context of the statute. But why isn't a bankruptcy related to the criminal – I mean, it's related to the offense, right? So why isn't it related to the offense? Well, I think if you read the statute as a whole and you look at B-4 with all of its terms, and this is a point that Judge Higginson made below under no cetera saucis, all the terms here are talking about proceedings related to the criminal action. So you have the investigation or prosecution of the offense, you have attendance at proceedings related to the offense. It wouldn't make much sense to cover civil proceedings, and this is why. If Congress wanted to have recovery for victims just for showing up at a civil hearing, presumably they would also want to cover the fees for the hearing, the filing fee for the case, or maybe the attorney's fees or expert fees, all the normal expenses that people incur in civil proceedings. It would be passing strange to say that Congress thought, you know what, when the And it does make sense, though, if you look at this as proceedings related to the criminal action. When a victim has to testify at a criminal proceeding, the only expenses they incur are those out-of-pocket expenses. The government bears everything else because it's their case. They're the ones paying for the prosecutors. They're the ones that have spent the time in court. So it really all lines up. It's only when you try to shoehorn the government's attempt to get these private investigation fees and these civil proceedings into the statute that you see any anomalies. When you read the statute and think, what did Congress have in mind here in this narrow provision, which, again, is not a provision for make-whole-relief, Congress knew how to do that. This is not an attempt to cover every single expense that a victim unfortunately suffers, you know, regrettably, from crime. This is a What are proceedings related to the offense other than proceedings in the prosecution of the offense? I think, Your Honor, that the proceedings could be things like a grand jury hearing before they, say, had issued an indictment. It could be any of the other proceedings for, like, a bail hearing. Well, those would be proceedings in the prosecution. Well, it could be in the prosecution, but I think Congress there was trying to make sure that any proceeding related to the criminal prosecution would be covered. Well, they used the term prosecution earlier in the provision. If they wanted to limit it to proceedings in the prosecution, why wouldn't they use the same term again? Why would they use this broader formulation related to the offense? Well, again, Your Honor, I could see someone thinking there's a distinction between a hearing that is determining if there's sufficient evidence to issue an indictment, so the prosecution hasn't yet commenced, and proceedings after the indictment where it has commenced. Okay. So maybe you've got the grand jury proceeding, but nothing else, right? That's it. There could be, depending on the offense, other types of proceedings, but again, I think this is Congress trying to make sure that if a witness has to show up and testify to advance the government's work, then their expenses are covered when there are those incidental out-of-pocket expenses. If Congress wanted to, again, cover things like attorney's fees or provide a full amount of restitution, they knew exactly how to do it. They did. Kennedy, at the outset, you said that there are, I forget if you said tens of thousands or thousands of these proceedings a year? If you look to page 17 of the government's brief, they say there are tens of thousands of proceedings under the MVRA every year, which is exactly a reason that Congress would not want to burden district judges and burden the sentencing process with these fact-intensive disputes. One of the items that you're entitled to recover as the victim is lost income. Here the victim was a corporate entity. How do you measure lost income in that context? I think it would depend on the situation and what exactly the corporation is doing in the proceeding. I assume that if you had a corporate officer, say it's an employee who has to testify, who otherwise would be out selling something, and you know that the employee would get a certain amount of profit that day had they not had to show up in court, I presume that would be the lost income. Can you say participation includes participation where the government investigation doesn't start until after you've finished, but they incorporate everything you've done? Sam Spade puts on his resume, I participated in their investigation, the government's. What? They didn't start until November, you finished in October, but I participated. All my findings, all my witness reports were taken over by the government and used. Perhaps you can. I don't think that's an expense incurred during participation, and I still don't think that's participation. It might be very useful. Sam Spade's work could have saved the government a lot of time. It could have aided the government or abetted the government or supported them. But those aren't the phrases that Congress used. Participation means working in someone else's job. It's helping the government. If I could reserve the balance of my time. Roberts. Thank you, counsel. Mr. Huston. Mr. Chief Justice, and may it please the Court. The Mandatory Victims Restitution Act enables the victim of a crime to recover for its participation in the investigation of the defendant's offense. The statute is not limited to participation in the government's investigation of the offense. Most of petition or prosecution, you have to read them together, not singularly. Well, I think, Your Honor, the statute reflects the fact that from the standpoint of a victim, it encompasses the ordinary chronology of events in which a victim would be expected to participate. There's going to be an investigation of offense, there's going to be a prosecution, there might be proceedings. Actually, it does happen the reverse way. There are times the police get information and they go to the company. I think it's a closer call on whether in that situation, and if they ask the company to look into something it wasn't aware of, whether that's participation. Putting that aside, it doesn't necessarily follow that an investigation by a company always precedes the prosecution. It doesn't always precede. That's true, Your Honor, but I think, again, the statute is just thinking about the typical way in which a victim. No, the typical way is the government investigates. I think it's true, but it's not always true, Your Honor. And I think the cases that we demonstrate in our brief reveal what Justice Breyer's example earlier this morning illustrated, which is that it is extremely common, and Congress would have understood, that victims routinely play an indispensable role in the investigation. Breyer's example earlier this morning illustrated, which is that it is extremely common, and Congress would have understood, that victims routinely play an indispensable role in the investigation. If a company, before the police investigation begins, do they get child care? I mean, child care, transportation? I mean, hmm, what do you do about that? And I'm stuck. You're, of course, going to get me out of being stuck. You know, I think that what the statute reflects, again, is the fact that victims routinely incur expenses in internal investigations that uncover invaluable evidence of crimes. It is very common. Most fraud cases make up a larger category of restitution awards than any other type of offense. And Congress would understand that in fraud cases, the way that frauds are discovered very often is internal investigations of the government. Kennedy, is it your contention that all of the $4 million spent on this internal investigation was necessary for the prosecution of the case, or just part of it? Necessary for the investigation or prosecution or proceedings related to the offense, Your Honor. All three – some of the expenses were for various parchments of the case. Some of it was for the investigation. Well, if that's so, what's there to limit extreme expenditures? You want to say, well, let's hire two law firms. This is a big case. Certainly, Your Honor. The word necessary is also in the statute. The expenses have to be necessary. Sentencing courts discuss all the time restitution awards that are cut or adjusted in various ways because they make exactly those sort of determinations. They – Counsel, you say that the bankruptcy was a proceeding related to the offense because fraud was at issue there, too. And maybe this is a clear-cut case, but there are going to be plenty where the reasons for the bankruptcy are going to be in dispute. And we're going to invite district judges to engage in long collateral proceedings over whether something is or isn't related enough to the offense. What do we do about that? And relatedly, you know, this statute covers a lot of different kinds of crimes, including violent crimes. So I can imagine someone saying, my divorce proceedings are related to the crime of violence. I should get my attorney's fees for my divorce proceeding, too, and child care and all the other things Justice Breyer enumerated. Where is the stopping point here? Justice Gorsuch, I think that we expect the proceedings related to the offense clause of this statute to be narrow outside the context of criminal proceedings. That is certainly the mine run place of the statute. No, I mean, this is a civil bankruptcy proceeding. That's not very narrow. And I don't see how it's any different than my divorce hypothetical. It's different in this respect, Your Honor. GE Capital was really dragged into these bankruptcy proceedings. This is not equivalent to a civil proceeding that is initiated. What if they initiated involuntary bankruptcy proceedings for the very same reason? Same result, I assume, in the government's view, because you take such a purposivist account of the statute, you know. Let's make sure everybody gets everything. Well, Your Honor, I think the statute reflects that that is its purpose. And as the Court described in Dolan, the statute has expressed that it's substantive purpose. I understand that, but I was kind of surprised to see a brief from the government of the United States go on for so many pages about purpose in very generic terms before actually getting to the terms of the statute, the language. And I again, why wouldn't my divorce case or the involuntary bankruptcy meet the same purpose test you've articulated here?  The question is, were the expenses incurred as a direct and proximate result of the crime? And I think that sentencing courts are very accustomed to making those sorts of determinations. I have had to do with the fact that statutes of restitution passed at an identical time to this statute, used your words, used the words, the victims entitled to the damages proximately caused by the offense. Yet Congress here, instead of using those very simple and direct words that would cover everything that's happened here, decided to break it up into four categories and very specifically told courts what those categories encompass. There's a recent proposal that's being considered now. I think it's by either the Sentencing Commission or some congressional committee that's saying, should we change this statute and all the others to simply say, make the victim whole? They would get to where you're going very directly. So what do I do with those differences? I think I have to give different meaning to different statutory terms that were passed at the identical time. We agree, Your Honor. I want to be very clear about our position, because this is in some respect a misrepresentation by my friend about what our position is. Our position is not that, for example, in the case of child pornography victims who are entitled to recover all of the losses that are proximately caused by the offense, our submission is not that a victim like GE Capital gets everything that's proximately caused. A victim does need to fit within one of the categories in Section B. What we do think, though, is that Congress borrowed the key term from those offense-specific restitution statutes and said the full amount of the losses is what is to be awarded. And so I think it is absolutely true. Sotomayor, that's what those other statutes said. Well, they say that, Your Honor, but in the MVRA, Congress incorporated the exact same text, Section 3664F1A, which is incorporated into this statute, the MVRA, by Section 3663Cap A.D. Those, that provision of Section 3664 is what expresses that in each case of restitution, restitution is to be awarded for the full amount of the victim's losses. Now, again, it's not the case that it's the full amount, full stop. You have to fit into one of the categories in B. Ginsburg. But what about the general premise of our system that expenses doesn't include attorneys' fees, that people who incur attorneys' fees, that's their expense, that doesn't get shifted away? There is the general presumption that if Congress wants attorneys' fees to be awarded, it will not say something like expenses. It will be specific that attorneys' fees are covered. If I might make two points about that, Your Honor. The first is that I don't really think the American rule of attorneys' fees has much bearing on this case, because that's a rule about structuring correct incentives in civil litigation. And that just doesn't translate to the criminal context where Petitioner is the wrongdoer. And the second point is that the Crime Victims' Rights Act, which is cited in our brief at section at page 14a of the Gray brief, makes it explicit that Congress contemplated victims would have a right to the assistance of counsel in order to do things like participate in a crime, criminal defendant sentencing proceeding. If you think, for example, about the case of if my accountant calls me up and says that I owe $5,000 to the IRS, but actually I only owe $1,000 and he just pockets the whole amount, when that crime is discovered, I'm going to need the assistance of a second accountant in order to figure out how much I'm defrauded, in order to be able to do things like participate in the criminal defendant sentencing proceeding, file a victim impact statement, and seek restitution. Breyer. You're also going to get all of the child care and transportation. Is that your opinion? Yes, Your Honor. If I incurred those expenses, I would have those. And I think that actually illustrates a – Well, it seems odd that this investigation could go on for quite a while, and during that time, it's the company's investigation, it goes on for several months, child care, child care for, I guess, anybody called up, and transportation, that is all covered. It is, Your Honor, but again, that's because of the breadth of this statute. It covers a great deal of crimes. And I think the apparent oddity is explained by the fact that Congress wanted to make sure that even the stuff that wouldn't readily come to your mind is covered. But Congress would have understood that in fraud offenses, Lunches? I think, Your Honor, perhaps, yes, absolutely. I think that that would be – if it, you know, if you can make the case that they're proximately caused. Mr. Youssouf, one of the things that strikes me about this statute, and it's – I think the thing that is giving you problems on several dimensions, is that this statute is pretty clearly written with an individual victim in mind. And I don't know exactly how that cuts, but everything that's giving you a problem with the language of this statute is because it's thinking about individuals who have necessary child care, who have lost income, who participate in only a single investigation, which is the government's investigation, who actually attend proceedings. You know, all these things make sense when you're talking about an individual and make no sense when you're talking about a corporation. And I'm just wondering which way that cuts and what we're supposed to do with that. Well, I think I would say this, Your Honor. It's – there's no dispute that a company that's a victim of a fraud, as in this case, can be a victim for purposes of the MVRA. That's acknowledged. I think you're right that that's what Congress had in mind when it wrote this statute. But again, I think that that's because it would have been concerned that, you know, child care expenses are not the sort of thing that come to your mind when you think most naturally about restitution. But Congress wanted to express the breadth of this provision by making sure that it's not. The purpose here is all about individual victims. Doesn't that really pose a serious problem for you? Because it seems that the government's effort here is really to externalize the costs of its own investigations in corporate – in corporate situations. Your Honor, I respectfully disagree for this reason. Again, Congress would have been aware of the many, many cases that illustrate the principle that we – that we discuss in our brief, which is it is very common in fraud cases against corporations for the fraud to be discovered through an internal investigation. So this is really the heartland of an investigation. This is exactly the sort of thing that Congress would have been aware of. I understand that. You conceded, I believe, to Justice Kagan that Congress's purpose here had to do with individual victims. And if that's the case, it certainly had nothing to do with the government leveraging private internal investigations in corporate – in corporate cases, right? Your Honor, I did not mean to suggest that only individual victims are covered. I agree that certainly when you're thinking about child care expenses, Congress has individual victims in mind. Again, I think my response to Justice Kagan was meant to say that that's the sort of – those types of situations, even those less obvious things, are what Congress would have wanted to cover. We have talked about two investigations, GE's investigation and the government's investigation. The statute talks about participation in the investigation, only one. And it seems to me if you're talking about only one, it obviously has to be the government's. I respectfully disagree, Your Honor, for this reason. I think that if you were to describe all of GE Capital's efforts in this case, the hiring of forensic experts that preserved crucial evidence to the prosecution, the time that they spent with financial consultants unraveling Petitioner's two years of fraudulent accounting practices, if you went to a person on the street and described everything that GE Capital did in this case and then asked, did GE Capital participate in the investigation of this offense, we think the answer would absolutely be yes.  investigation of this case, I think the answer would be yes. Kagan, I think we wouldn't use the word participate, would we? We would say GE conducted the investigation. Well, I think the fact that participation is a very sensible term here because it reflects the fact that the amount – the victim's participation is going to vary at various times. The investigation of a crime happens ordinarily in phases. Sometimes it starts with a State-level investigation. Sometimes it starts, for example, in the SEC in a civil administrative proceeding, and then that is what discovers a Federal fraud and it's passed over to the government. And sometimes victims are the ones who conduct an internal investigation, as in Justice Breyer's example about the bookkeeper, that reveals the fraud and then the victim is the one that hands the investigation over. Breyer, that's true, but what I'm thinking is, if I look back, no, this is – expenses related to participation, that seems to me, intuitively, as a judge, excellent because there are vast numbers of circumstances and the trial judge will figure out what's appropriate. Now, Congress is going to change that, and instead of it being discretionary, it becomes mandatory. Well, you're going to make something mandatory, you say, we'd better narrow it and be specific, and then that would explain why this is limited to the government's investigation, particularly when you think of hundreds of billions of dollars in restitution that is owed by people who commit crimes that is not dischargeable in bankruptcy, which is never collected and throughout the rest of their lives is simply there as uncollected debt, really causing a problem. So if Congress was aware of all this and really thought, let's narrow it, well, that would explain the differences. But the problem for me is it doesn't say a word, does it? So do you have a view? Your Honor, we do. And if I could just take those two points, I think, in your question in reverse order. The first is that it's – to the extent that much restitution was awarded in this case and that restitution – there are many unpaid restitution awards in this country, that's a fact of Congress's explicit, deliberate choice in section 3664 F1A to award restitution without risk guard to the economic circumstances of the defendant. That's the one thing that everyone agrees on, is that that shouldn't be taken into account. Now, we don't quibble with Your Honor's point that it has to be incurred during the investigation of the offense, but as I was saying earlier, we think that the investigation of a criminal offense is ordinarily understood to include phases, and some of those phases take place before the government gets involved, because that's – Alito If Congress intended to cover an investigation conducted by a company, wouldn't it – wouldn't it use a term like reasonable, reasonable expenses incurred? Your Honor, I think that the word necessary in the statute functions in a similar way. Alito Well, there's a big difference between necessary – how would you determine whether the scope of an internal investigation is necessary? What does that mean? It would make much more sense to ask whether it was reasonable in scope. I think, Your Honor, that necessary in this statute plays a function similar to the word necessary in the statute that the Court recently considered in Ayestas. It means ordinary, reasonable, expected. And I want to stress that district courts make those sort of determinations all the time. They cut down restitution orders or requested restitution orders because they find that the expenses requested were disproportionate to the task or that they weren't actually focused on the specific offense of conviction and that they were looking into something else. Petitioner's rule is categorical. He wants to say that even in a circumstance where it's undisputed that the victim's investigation is extremely helpful to the government, even where it's a perfectly reasonable investigation, even where the victim takes steps to minimize its expenses, they still cannot get restitution in those cases if it's – the investigation happens to occur before the government kicks off its investigation. Roberts' Well, I'm not sure that GE took steps to limit its expenses. I mean, it hired very expensive law firms to conduct the investigation. And you're going to have the district judge in all of these cases being asked to do that? Did they really have to, you know, have partners work on this as opposed to associates? Did they have to hire this law firm? Couldn't they have done this? And it's not clear to me that the Congress would want the district courts to spend a lot of time on that sort of restitution litigation. So to – Goldstein, Your Honor, I think that the statute equips district courts to make exactly those type of determinations in section 3664F. The probation office will prepare a report summarizing the expenses. That report is subject to adversarial testing. The government bears the burden of proof to demonstrate that the amount of the losses were caused and by a preponderance of the evidence. And in cases where necessary, district courts can refer disputed issues out to a magistrate judge. So district courts simply have not had trouble in the 22 years that this statute has been on the books making those sort of determinations. Roberts' Well, here's another tricky one for me along the lines of what the Chief Justice was just asking. It seems to me you're making the case. How do we determine whether an internal investigation is even necessary for the government's work? I mean, presumably the government can do its own investigation, too. So how is an internal investigation that precedes the government's ever necessary in that – in any sense? And don't companies also conduct internal investigations for their own reasons? They have to worry about shareholder derivative suits. They have to worry about class action suits. They have to worry about compliance with SCC regulations, among many other things. How is a district judge ever going to be able to determine whether an internal investigation was necessary for the criminal investigation by the government? You're absolutely right that companies conduct those sort of investigations all the time, but it's those kinds of investigations that discover frauds and that reveal the evidence that we use to prosecute people every day. You're not answering my question, counsel. How is the district judge, the poor district judge, supposed to make a determination of which one's necessary for the government's investigation and which one's not? I don't doubt they help the government. I don't doubt the government's happy to receive that information and use the resources, the private resources, to conduct its public business. But how is a district judge supposed to decide what was necessary? Well, Your Honor, we don't think that the investigation of the offense in this statute refers to the government's work. And we think that the reason why Congress would not have so limited it is for exactly the reason that I just gave, because of the value that internal investigations add. What we think necessary does in this statute is exclude the sort of unreasonable investigations that everyone would think ought to be outside the realm of possibility. And to the extent that you do with the argument that the, in the end, all of the law that this does is to assure that the wrongdoer's life will be miserable after he finishes his prison sentence, because he will never be able to pay his huge attorney fee restitution awards, and you're not going to help the victim because the award will be uncollectible. Your Honor, to the extent that the restitution award in this case is large, it is large because Petitioner conducted a massive fraud. He stole $25 million in less than two years. And so I think he really has nobody to blame but himself for the amount of the award. But to your point about the fact that restitution awards often go uncollected, again, I think that really is just a function of Congress's deliberate choice in the MVRA to say that restitution should be focused exclusively on the losses that the victim incurred without regard to the economic circumstances of the defendant. But he's going to be able to pay his attorney fee. Sotomayor, the amount here was $25 million, and how much was spent that was awarded by the court below in restitution? Was it $10 million or $15 million? $11 million was the amount of restitution that was remaining that GE Capital was not able to collect, and Petitioner does not dispute restitution for that amount. But the full amount was to collect $25 million, they spent $15 million. Does the judge decide what's necessary at what point? Sorry, Your Honor, I just want to be clear about this. The $11 million is the amount of unpaid loans that GE Capital was not able to recover. And again, that's not disputed. What we're talking about here this morning are the investigation and bankruptcy expenses. That was a little less than $5 million, $4.9 million combined. The total restitution award is just a shade under $16 million, Your Honor. But again, $11 million of that is not disputed. What we're talking about today is about $4.9 million. Roberts. And it seems pretty clear the government would never have done that on its own. Try to figure out whether the restitution ought to be $4 million or $8 million from a guy who's never going to pay any of it. They would have said, I think instead we'll spend a little time on the mass murder down the street. And I'm just wondering, if you're talking about expenses that the private party incurred for its own purposes to find out how to adjust its books, what it had lost, why should the victim be compelled to pay that? Or, as Justice Ginsburg suggests, just carry it on his own back, when it's something that the government would never have done on its own. Congress was aware, Your Honor, and what the legislative history of the MVRA says is that it recognizes that frauds like this one impose costs on victims that are more than just the property that's taken. Although the award in this case is substantial, again, that's just a function of the complexity of the investigation that was necessary. And that's not been challenged in this case. So we're really not – it's far too late for a Petitioner to go in and claim that any of these particular expenses were too much and they should have hired a less – a law firm with less expensive fees. Although, when district courts do make those – or, excuse me, when defendants do make those sort of challenges, courts hear them all the time. Both the Cuddy case and the Amato case that are discussed in our brief involve examples of restitution awards being challenged and then adjusted by district courts in those ways. Robertson, I'm not sure if that helps you. I mean, then your answer seems to be, well, they can always litigate these things. So now not only is the government going to be conducting an investigation over money that nobody's ever going to pay, but they're going to be litigating about it, taking the district court time to figure out whether the attorney's fee should be 2 million or 1.5 million, again, when no one's going to get the money anyway. Shanmugamer Your Honor, that is because Congress made a very deliberate choice in the MVRA to say that restitution should be focused exclusively on the amount of loss that the victim incurred. And even in a case where everyone realizes that the defendant is never going to be able to pay it back, which I think, to be fair, is not this case. Petitioner was quite a wealthy man before this – before his crime, and there's reason to believe that, you know, the government is – believes that he has assets that will – that we will attempt to collect afterwards. So it's not the case that nothing will ever be collected, but in any event, I think that even in cases where restitution goes uncollected, it's just a function of Congress's deliberate choice that the restitution system we have should measure the amount of the victim's loss. And the amount of the victim's loss in this case includes these – these expenses. If you were to – Sotomayor May I ask you a question about the criminal conviction? Can it be used to prove liability in a civil suit? Shanmugamer Yes, Your Honor. There's an estoppel provision in the MVRA that functions that way. Sotomayor All right. So that means that a corporation, which, as Justice Kagan pointed out, corporate losses of these kind are not specified anywhere in this provision, they can go into civil court, liability is taken as a given, all they have to do is prove their restitution amount, correct? Shanmugamer That's basically correct, Your Honor. Sotomayor So tell me why Congress would have been worried about that when it seemed more worried about the individual expenses that people are unlikely to go to civil  Shanmugamer Well, again, there's really no dispute at all that corporations are victims of frauds and that they are entitled to recover. Sotomayor They're entitled to their losses, but you're asking for something more than what's specified here, according to your adversary. Shanmugamer Well, I think what we're asking for, they are a victim and the statute says that victims who incur expenses during the investigation or prosecution of the offense are entitled to recover. And the other is to accept that Congress, unlike other provisions, that specified attorney's fees, putting the victim whole, proximate causation, Congress instead chose very specific categories here. Shanmugamer And we fit into this category, Your Honor, we fit into B-4. But the other thing I want to say about the civil lawsuits is that's really not an effective remedy, because the action moment is not about getting the judgment, it's about collection. And getting a criminal restitution award offers substantial advantages as against attempting to pursue civil litigation in terms of the ability to recover. The government has all sorts of tools that we use to attempt to recover criminal restitution awards that are not available to judgment of us. Sotomayor This company, you told me earlier, got 15 million back without the government. Shanmugamer In the bankruptcy, well, they got in the bankruptcy proceeding. Sotomayor It wasn't the government who helped them do that, it was themselves. Shanmugamer That's right, Your Honor, but I think that only illustrates the Congress's wisdom in allowing these restitution expenses. If you were to pay back GE Capital the $11 million that Petitioner does not contest, it would not be made whole, because in order to get to this point, GE Capital had to incur substantial investigation expenses and participating in the bankruptcy proceedings. Those are losses that are real to this company, which is a victim of the fraud within the meaning of the MBRA. And they were proximately caused by the defendant's offense, which is the definition of victim that's in Section 3663, Cap A, A. So I think for all of these reasons, it makes sense that Congress would design a restitution system that would focus on restoring the victim to its position before the offense. As the Court said in Dolan, the substantive purpose of this statute is to award full restitution. Unless there are further questions, we'd ask that the judgment be affirmed. Roberts. Thank you, counsel. Four minutes, Mr. Geiser. Geiser Thank you, Mr. Chief Justice. A few quick points. My very able friend has referred repeatedly to a statute providing for make-whole relief to provide the full amount of restitution. Of course, that is not what subsection B-4 says, as Justice Sotomayor pointed out. That's what other statutes say. The offense-specific provisions provide that kind of relief when Congress wanted to. If Congress were concerned about overlooking expenses like child care and transportation, it would have phrased this entirely differently. It would have said that you can recover necessary expenses, including child care and transportation. And that, in fact, is what Congress did in the offense-specific statutes. It said you get the full amount of recovery, and the full amount includes the following categories, including their attorney's fees and the kind of expenses provided here. Congress chose the polar opposite formulation here, invoking the classic easedom generous formulation. My friend has suggested that 3664f1a somehow controls the amount of restitution here. This Court rejected the identical proposition in Huey when it looked at the victim and witness protection act. It said that f1a is a procedural statute. It does not dictate the outer bounds of a permissible restitution award. You have to look to subsection B in this case in order to do that. Mr. Chief Justice, you are absolutely correct that trying to figure out what expenses are necessary here is an incredibly difficult task. The government may not think this is imposing a burden on district judges. It's interesting that the judges themselves disagree. Judge Higginson and his concurrence cited different articles and studies. Showing the incredible burden and the complexity of determining exactly these sorts of restitution amounts. And if you look at the record here, we have a great example of how difficult this is to parse out. Page 28 of the joint appendix shows that one of the expenses that Winston and Strawn incurred was looking at potential third-party liability against Dry Van's auditors. That, of course, has nothing to do with investigating the Petitioner's offense. These are exactly the kinds of expenses that a corporation reasonably incurs in an internal investigation, and it's incredibly hard to disaggregate those expenses from the expenses that would be necessary for the government to incur or that the government even would have bothered to do in the first place. Sotomayor, did your client point that out to the district court's judge here? No, Your Honor, and to be clear, we're not challenging that specific line item. It just illustrates the difficulty of engaging in these sorts of inquiries in the first place. In terms of private investigations, a private investigation that starts before the government's investigation begins, if that's fully covered, it leads to deep anomalies in the statute. It would mean that the private investigation could occur, and they don't the corporation doesn't even have to disclose the results to the government, because it would be an expense incurred during participation in that private investigation. There is no statutory hook even requiring the corporation to turn over what they found. Surely, Congress did not have that in mind in a statute that's talking about the investigation and prosecution of the offense with those terms in the singular. A final point is for the bankruptcy litigation. Again, my friend, who is a very able advocate, repeatedly referred to it as expenses in the proceedings related to the offense. Never once did it – did my friend use the term attendance at proceedings related to the offense, because there is simply no plausible construction of this statute that would include in the term attendance the entirety of expenses of litigating a bankruptcy case. If the Court has no further questions. Roberts. Thank you, counsel. The case is submitted.